MILNARK, APPELLANT, *v.* CITY OF EASTLAKE, APPELLEE.

(No. 6275—Decided April 18, 1968.)

Common Pleas Court of Lake County.

*Mr. Michael D. Coffey,* for appellant.
*Mr. David P. Freed,* director of law, for appellee.

SIMMONS, J.  Defendant appeals a judgment and sentence of the Willoughby Municipal Court upon a conviction for violating an ordinance of the city of Eastlake pertaining to driving while under the influence of alcoholic beverage.

He assigns as error the overruling of his motions at the close of plaintiff's case that the testimony of the two arresting officers be stricken and that judgment of acquittal be entered.

It is conceded that if the first motion was proper so was the second, since plaintiff presented no other evidence.

It is defendant's claim that the testimony should have

been stricken because no evidence had been offered showing the witnesses were competent under Sections 4549.14 and 4549.16, Revised Code. Interestingly, plaintiff contends the testimony was properly presented because no evidence had been offered showing the witnesses were incompetent. Thus, the parties agree that no evidence on the subject was presented but disagree on the legal consequence of this omission.

The court below overruled the motions for the reason that

"* * * The objection to these witnesses and to their testimony was not questioned at the proper time nor was objection to their testimony timely made * * *."

The court apparently concluded that defendant had a valid objection to the witnesses but had waived it by waiting until plaintiff rested.

"* * * If the objection had been timely made, there is no question in the court's mind that their testimony could be objected to until they had been qualified to testify by showing that they had complied with Sections Nos. 4549.-.14 and 4549.16, Revised Code."

In the face of these statements it is unsurprising that counsel for defendant devotes such energy here to a denial of waiver, as though this was the prime issue. But it is hardly more than an incidental one.

There can be no waiver of incompetency when no facts showing it have been disclosed. A waiver is effected only when the witness is permitted to testify without objection after his disqualification appears. *Locke* v. *State*, 33 Ohio App. 451.

The real question this appeal raises is which party has the burden of offering proof on the subject of the qualification of a witness to testify. Must he who calls him prove him competent? Or must he who challenges him show incompetency?

Without doubt the burden rests on the latter. This defendant was obliged to present evidence, either by cross-examination of the officers or by testimony of other witnesses, that the conditions which disqualify an arresting

officer, *i. e.*, an unmarked motor vehicle or a nondistinctive uniform, existed at the time of this arrest.

An adult witness is presumed competent to testify and the burden is on the objecting party to establish the contrary. It is not enough that a mere possibility, or even probability, of incompetency exists. The facts on which it depends must be fairly established. 56 Ohio Jurisprudence 2d 508, Witnesses, Section 75; 58 American Jurisprudence 144, Witnesses, Section 210.

Any adult woman, for example, may testify in a criminal case against any adult man and, unless it is established by some means at the trial that she is his wife or mentally unsound, her testimony must be considered. That these disqualifications can be, ordinarily, easily established does not obviate the need to do so.

In this case there was no evidence whatever of the officers' dress or a description of their car. Thus, the trial court was quite correct in overruling defendant's motions, but not because his objections were waived but because at that state of trial there were no facts before the court upon which a finding of incompetency could be based.

The subject was not closed then. Defendant could have offered evidence during his own case or asked for permission to recall the officers for further cross-examination, then renewed his motions. That he did not choose to do either suggests that he knew no disqualifying facts existed. But regardless what prompted the choice, its making forever barred him from challenging the witnesses.

*Judgment affirmed.*