**The STATE of Ohio, Appellant,**

v.

**RAU, Appellee.**

[Cite as *State v. Rau* (1989), 65 Ohio App.3d 478.]

Court of Appeals of Ohio,
Paulding County.

No. 11–88–19.

Decided Dec. 4, 1989.

*R. Kelly Ormsby III*, Prosecuting Attorney, and *Erwin J. Bandy*, for appellant.

*Eric A. Mertz*, for appellee.

———

SHAW, Judge.

The state of Ohio appeals from a judgment entered in the County Court of Paulding County granting the defendant's motion to suppress.

On May 2, 1988, the defendant was arrested by Trooper Jerry Brown, of the Ohio Highway State Patrol, for violation of R.C. 4511.19(A)(1), operating a vehicle while under the influence of alcohol. The defendant entered a plea of not guilty to the charge and subsequently moved to suppress the arresting officer's opinion regarding the defendant's sobriety. The motion challenged, *inter alia*, the sufficiency of probable cause for the initial detention and subsequent arrest.

At the suppression hearing, Trooper Brown testified, upon direct examination, regarding the circumstances that caused him to stop the defendant's automobile. However, when the prosecutor attempted to elicit Brown's testimony concerning his observations of the defendant after the initial stop, defense counsel entered an objection asserting that Brown was not a competent witness as to those matters. The trial court, without inquiring into the basis of the defendant's challenge as to the competency of the witness, overruled the objection.

Trooper Brown, who was the sole witness at the hearing, testified both upon direct and cross-examination as to his observations of the defendant's physical condition and the various tests he conducted that culminated in the arrest. After the close of the evidence, defense counsel, during closing argument, asserted that the state had failed to establish whether Brown drove a marked vehicle and wore a distinctive police uniform at the time of the arrest and thus, failed to establish the arresting officer's competency to testify concerning the defendant's sobriety.

In its journal entry sustaining the motion to suppress, the trial court, in essence, accepted defense counsel's argument and cited Evid.R. 601(C) in finding that the state had failed to present any competent testimony of probable cause for the arrest.

The state assigns one error to the judgment and asserts that the burden was on the defendant to establish any disqualification of the witness and that in the absence of such a demonstration Trooper Brown was competent to testify. For the reasons that follow, the assignment of error is well taken.

Evid.R. 601 provides in part:

"Every person is competent to be a witness except:

" * * *

"(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute." See, also, R.C. 4549.14 and 4549.16.

The state introduced no explicit testimony establishing that Trooper Brown was in uniform and in a marked vehicle. However, the general rule is that, under Evid.R. 601, an adult witness is presumed competent to testify and therefore the burden of demonstrating the incompetency of a traffic officer is on the accused. See 29 Ohio Jurisprudence 3d (1981) 92, Criminal Law, Section 2203. See, also, 1 Weissenberger, Ohio Evidence (1985), 6, Section 601.5.

*Milnark v. Eastlake* (1968), 14 Ohio Misc. 185, 186, 43 O.O.2d 417, 418, 237 N.E.2d 921, 923, well states the issue and the applicable rule:

"The real question this appeal raises is which party has the burden of offering proof on the subject of the qualification of a witness to testify. Must he who calls him prove him competent? Or must he who challenges him show incompetency?

"Without doubt the burden rests on the latter. This defendant was obliged to present evidence, either by cross-examination of the officers or by testimony of other witnesses, that the conditions which disqualify an arresting officer, *i.e.,* an unmarked motor vehicle or a nondistinctive uniform, existed at the time of his arrest."

Although *Milnark, supra,* was a court of common pleas decision, it has been cited with approval by the Ninth District Court of Appeals in *State v. Heimberger* (Jan. 15, 1986), Summit App. No. 12190, unreported, 1986 WL 844.[1] In a case similar to the one before us, the appellant in *Heimberger, supra,* argued that his motion for acquittal should have been granted based on the incompetency of the testifying officer due to the failure of the state to introduce evidence at trial that the officer was in uniform and in a marked car at the time of the arrest.

The court of appeals expressly rejected this argument with the following language:

"The state concedes that it introduced no explicit testimony establishing that Sgt. Kidd was in uniform and in a marked vehicle. The general rule however, is that an adult witness is competent to testify and the burden is upon the objecting party *to establish to the contrary. State v. Warnick,* Nov. 11, 1975, Summit App. No. 7830, unreported. The appellant 'was obliged to present evidence, either by cross-examination of the [officer] or by testimo-

---

1. *Milnark* was also cited by this court in *State v. Clark* (1983), 10 Ohio App.3d 308, 10 OBR 513, 462 N.E.2d 436. However, the issue presented in *Clark* involved the failure to enter an objection to the competency of the witness in the first instance, rather than the failure to affirmatively demonstrate the alleged disqualification. Thus, the decision in *Clark* was based on the defendant's waiver of the objection which is not at issue in the instant case.

ny of other witnesses, that the conditions which disqualify an arresting officer, *i.e.*, an unmarked motor vehicle or a non-distinctive uniform, existed at the time of arrest.' *Milnark v. Eastlake* (1968), 14 Ohio Misc. 185, 186–87 [43 O.O.2d 417, 418, 237 N.E.2d 921, 923]. The appellant in the present case offered no proof of incompetency. The testimony was properly received. The trial court did not err, therefore, in overruling appellant's motion for acquittal." (Emphasis added.)

We adopt the reasoning of the *Heimberger* and *Milnark* decisions. Although the trial court, in the case before us, initially overruled the defendant's objection to the competency of the witness, and thus seemingly discouraged defendant from pursuing the matter further, in actuality the subject was not closed then. Defendant could have established any valid disqualification upon cross-examination and then renewed his objection. The defendant's failure to do so suggests that he knew that no disqualifying facts existed. Cf. *Milnark, supra.*

In the absence of any evidence concerning the uniform or motor vehicle used by the arresting officer, there were simply no facts before the court upon which a finding of incompetency could be based. Accordingly, the assignment of error is well taken, the evidence is restored to the state and the judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J. and THOMAS F. BRYANT, J., concur.