[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Adam Croneis ("Croneis") from a judgment of the Court of Common Pleas of Crawford County, Juvenile Division finding Croneis to be a juvenile traffic offender.
On August 18, 1997, Croneis was cited for driving 68 miles per hour in a 55 miles per hour zone. Croneis pled not guilty and a trial was set for November 20, 1997. At the request of Croneis's attorney, the matter was continued until January 8, 1998, to permit the completion of discovery. Croneis's attorney requested a second continuance on January 7, 1998. The trial was then scheduled for February 12, 1998. At the trial, Croneis was found to be a juvenile traffic offender and fined $15.00 plus court costs.
Croneis raises the following assignments of error.
 The trial court erred in finding the child to be a juvenile traffic offender when the state trooper was incompetent to testify.
 The trial court erred in finding the child to be a juvenile traffic offender when the trial court improperly relied upon judicial notice of a decision of the Crawford County Municipal Court.
 The trial court erred in finding the child to be a juvenile traffic offender when the State presented insufficient competent evidence.
Croneis's first assignment of error claims that the state trooper was incompetent to testify because the State did not prove that the trooper was in proper uniform and driving a properly marked vehicle. The burden of showing that an officer is incompetent to testify due to lack of proper uniform or marked car is upon the defendant. State v. Rau (1989) 65 Ohio App.3d 478,584 N.E.2d 788. "The general rule is that under Evid.R. 601, an adult witness is presumed competent to testify and therefore the burden of demonstrating the incompetency of a traffic officer is on the accused." Id. at 480.
Here, the State failed to provide any evidence that the trooper was appropriately attired or that she was in a properly marked vehicle. However, upon cross-examination, the trooper testified that she was wearing the uniform of the day and was driving a State Highway Patrol cruiser, complete with the winged tire emblem on the door. Thus, testimony appears on the record that the trooper was competent to testify as a witness.
Croneis then argues that the trooper was not in proper uniform because she was not wearing her hat. The trooper testified that she was wearing her hat when she issued the citation. Thus, there is sufficient evidence for the trial court to find that the trooper was in the proper uniform.
Finally, Croneis argues that the trooper was not in a properly marked patrol car. R.C. 4549.14 provides as follows:
 Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with [R.C. 4549.13].
R.C. 4549.13 provides:
 Any motor vehicle used by a member of the state highway patrol or by any other peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. The superintendent of the state highway patrol shall specify what constitutes such a distinctive marking or color for the state highway patrol.
A state patrol car is required to have the State Highway Patrol Insignia on the left and right front doors and the car number on the front and rear. Ohio Adm. Code 4501:2-3-01(A).
In this case, Croneis claims that the patrol car was improperly marked because the vehicle did not look like the truck in the picture on file pursuant to Ohio Adm. Code4501:2-3-01(A)(3). Croneis argues that since the insignias on the two vehicles are different, the patrol car was not properly marked. However, this argument ignores the fact that the insignia on the trooper's car was identical to that on every state highway patrol car. Croneis did not claim that the car was not easily identifiable as a state patrol car. In addition, the trooper testified that the insignia on the doors of the patrol car were the insignia of the state highway patrol and that the car number was on the front and rear of the vehicle. Therefore, the requirements of the code are met and the car reasonably could have been found to be a properly marked state highway patrol car. The first assignment of error is overruled.
The second assignment of error is that the trial court erred in taking judicial notice of the K-55 moving radar. The trial court took judicial notice of the reliability of the radar based on cases heard before the Crawford County Municipal Court. No such evidence was ever introduced before the Common Pleas Court.
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
Evid.R. 201(B). This court has previously held that the K-55 radar device is a proper subject of judicial notice.
 This court's recognition that the scientific principles associated with the K-55 are capable of ready and accurate determination by resort to sources whose accuracy cannot reasonably be questioned now serves as precedent for the court within our jurisdiction to take judicial notice of the same. Additionally, we note that other courts in Ohio have similarly taken judicial notice of the reliability of moving radar devices, including the K-55 radar unit.
 State v. Kirkland (Mar. 2, 1998), Logan App. No. 8-97-22, unreported. Based upon our decision in Kirkland, the trial court permissibly took judicial notice of the reliability of the K-55 radar unit. The second assignment of error is overruled.
Since the third assignment of error is based upon the results of the first two assignments of error, the third assignment of error is overruled. The judgment of the Court of Common Pleas of Crawford County, Juvenile Division is affirmed.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.