OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Charles E. Smith, appeals from his conviction and sentence in the Portage County Municipal Court, Ravenna Division, on the charge of driving under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1). For the reasons that follow, we affirm the judgment of the trial court.
On February 7, 1998, Trooper Thomas R. Hermann of the Ohio State Highway Patrol was on road patrol duty along Interstate 76 in Portage County, Ohio. At approximately 8:31 p.m., he received a cellular telephone call, in addition to several citizen band radio reports, about a red Chevrolet S-10 pickup truck heading westbound on Interstate 76 that was weaving and traveling at a high rate of speed. Shortly thereafter, Trooper Hermann saw a vehicle matching the truck's description traveling west on the highway. He immediately pulled out behind the suspect vehicle and began to follow it. After catching up to the truck, the officer followed it for approximately one mile, observing that the truck was traveling in excess of seventy m.p.h. in a sixty-five m.p.h. zone. He also observed the truck weaving from the berm over the centerline and back again repeatedly. Trooper Hermann finally stopped the vehicle by activating his overhead lights. Appellant was driving the red truck.
Trooper Hermann approached the truck and noticed a strong odor of alcohol coming from appellant. He asked appellant to step out of the truck. The officer administered three field sobriety tests which appellant failed. Appellant was then placed under arrest and transported to the Highway Patrol Post. Appellant agreed to take a BAC test which revealed his breath alcohol content to be .174, well over the legal limit.
Appellant was charged with DUI in violation of R.C.4511.19(A)(1); driving with a prohibited breath alcohol content, in violation of R.C. 4511.19(A)(3); and committing a marked lane violation, in violation of R.C. 4511.33. Appellant entered a plea of not guilty and, on February 12, 1998, filed a "Motion for Probable Cause" and a "Motion to Dismiss and/or Suppress." The trial court treated the motions as a single motion to suppress and conducted an evidentiary hearing on May 22, 1998. The only witness to testify was Trooper Hermann. Following the hearing, the trial court overruled appellant's motion.
Appellant then changed his plea to no contest to the DUI charge. The other charges were dismissed. On October 14, 1998, the trial court found appellant guilty on the DUI charge and sentenced him accordingly. Appellant's sentence has been stayed pending appeal.
Appellant timely filed a notice of appeal and has now set forth two assignments of error. In the first assignment of error, appellant contends that the trial court erred in overruling his objection to the competency of Trooper Hermann to testify at the suppression hearing. Specifically, appellant asserts that Trooper Hermann failed to indicate that he was wearing a distinctive uniform at the time of the incident as required by R.C. 4549.16 and, also that Trooper Hermann did not adequately testify that he was driving a marked motor vehicle as required by R.C. 4549.14. Thus, Trooper Hermann was incompetent to testify. We disagree.
R.C. 4549.16 provides:
 "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was not wearing a distinctive uniform in accordance with section 4549.15 of the Revised Code."
R.C. 4549.15 states as follows:
 "Every member of the state highway patrol and every other peace officer, while such officer is on duty for the exclusive or main purpose of enforcing motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall wear a distinctive uniform. The superintendent of the patrol shall specify what constitutes such a distinctive uniform for the state highway patrol."
Thus, if Trooper Hermann was not wearing a distinctive uniform, he would be incompetent to testify. Similarly, pursuant to R.C.4549.13 and 4549.14, Trooper Hermann would have been incompetent to testify if he had not been driving a motor vehicle that had the distinctive markings of the Ohio State Highway Patrol. R.C.4549.14 provides:
 "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code."
R.C. 4549.13 states:
 "Any motor vehicle used by a member of the state highway patrol or by any other peace officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. The superintendent of the state highway patrol shall specify what constitutes such a distinctive marking or color for the state highway patrol."
Evid.R. 601 essentially echoes the foregoing provisions, stating, in part:
"Every person is competent to be a witness except:
"* * *
 "(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
An adult witness is presumed competent to testify and the burden is on the defendant to establish the incompetency of a police officer as a witness on the ground that the officer was not wearing a legally distinctive uniform or was not using a properly marked vehicle at the time of the arrest.State v. Rau (1989), 65 Ohio App.3d 478, 480.
In the case sub judice, Trooper Hermann testified during direct examination, in pertinent part:
 "Q. Trooper Hermann, I'd like to draw your attention to February 7th 1998, were you on duty on that day?
"A. Yes, I was.
"Q. What were your specific duties on that day?
 "A. Work the road patrol — patrol the road on afternoon shift.
"Q. Were you [in] uniform?
"A. Yes, I was.
"Q. Can you describe the uniform for the Court, please?
 "A. Similar to the uniform I have on. It was grey grey pants. At that time we had on long sleeves and a black tie.
"Q. Were you in a marked vehicle?
 "A. Yes, I was in a marked vehicle. It's got over-head flashing lights, flying wheel insignia on the side, yellow stripes. It's a grey Crown Victoria."
Appellant failed to cross-examine Trooper Hermann on this issue or raise this issue in any way before the trial court. Thus, appellant has waived the issue and cannot raise it on appeal.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41,43. Moreover, even if appellant had properly preserved this issue for appeal, it is clear that his argument is not well taken. Trooper Hermann stated that he was in uniform at the time of the arrest and that it was similar to the uniform he was wearing when he testified at the suppression hearing. Additionally, the vehicle he described certainly met the criteria of being a marked patrol car as it, in fact, fits the description of a standard Ohio State Highway Patrol car.
In a similar case, testimony by a police officer that he was in a cruiser, that he was on uniform patrol, and that he activated his beacon prior to pulling over a motorist was held to be sufficient to satisfy Evid.R. 601(C), in the absence of any evidence to the contrary. Columbus v. Robbins (1989), 61 Ohio App.3d 324,327.
Hence, Trooper Hermann was competent to testify. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant contends that the trial court erred in overruling his motion to dismiss since articulable and reasonable suspicion did not exist that he was engaged in criminal activity. In short, appellant argues that Trooper Hermann witnessed neither erratic driving nor speeding before stopping appellant.
Trooper Hermann's testimony, the only testimony heard by the trial court, directly contradicts appellant's assertion. Trooper Hermann testified as follows:
"Q. What did you notice once you observed [Defendant's] vehicle?
 "A. Once I pulled out and caught up with the Defendant's vehicle, I noticed the Defendant — we were traveling in excess of the speed limit approximately 70 miles per hours [sic].
"Q. What was the speed limit?
"A. Sixty-five miles an hour.
"* * *
 "A. The Defendant was unable to stay in his own lane. I noticed he was weaving, going from the berm, crossing the centerline and back into the berm. At that point I activated the pursuit lights and pulled the Defendant over, and he pulled over to the side of the road.
"Q. Do you recall how many times the Defendant weaved?
 "A. I can't tell you exactly how many times. He wasn't able to hold in a straight line at all; continued going from right to left going into the berm, and across the center dotted line.
 "Q. Do you recall how far the Defendant's vehicle went into the berm or the center line?
 "A. He went across the center line about three feet and back into the berm and back across again."
Upon cross-examination, Trooper Hermann restated that he was pacing appellant's vehicle at approximately seventy m.p.h.; that he followed appellant for approximately one mile before pulling him over; and that appellant was weaving constantly, and not just within his lane. Based upon this testimony, it is clear that Trooper Hermann had observed both speeding and marked lane violations articulable facts which gave the officer reasonable suspicion that a violation of the law was occurring. In fact, Trooper Hermann had more than articulable suspicion, he had probable cause to stop. Thus, the stop of appellant was constitutionally valid.
The trial court did not err in overruling appellant's motion to dismiss. Appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 _________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.