Defendant Judy Milner appeals from her conviction for driving while under the influence of alcohol. For the reasons set forth below, we affirm.
On August 15, 1998, Middleburg Heights Police Officer Raymond Bulka cited defendant for driving while under the influence of alcohol and failing to drive in marked lanes. The matter proceeded to a jury trial on February 10, 1999. Defendant was subsequently convicted of both charges. She now appeals and assigns a single error for our review.
Defendant's assignment of error states:
 THE COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR DISMISSAL AT THE CLOSE OF THE STATE'S CASE AND AGAIN AT THE CLOSE OF THE APPELLANT'S CASE.
Within this assignment of error, defendant asserts that the trial court erred in denying her motions for acquittal for lack of proof of venue and lack of proof that the arresting officer was competent to testify.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261
syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime had been proved beyond a reasonable doubt.
Section 10, Article I of the Ohio Constitution provides:
 "* * * In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." The trial court has broad discretion to determine the facts
which would establish venue. Toledo v. Taberner (1989), 61 Ohio App.3d 791,793. Moreover, in State v. Collins (1977), 60 Ohio App.2d 116,125, the court held that in ruling upon a defendant's motion for acquittal made at the close of the state's case, the court may take judicial notice that the junction of a city street and the corporation line of the city are located within the county of venue.
By application of the foregoing, we are convinced that sufficient facts and circumstances were set forth whereby reasonable minds could reach different conclusions as to whether venue was proven beyond a reasonable doubt. The evidence demonstrated that defendant was cited in Middleburg Heights. It cannot be reasonably disputed that Middleburg Heights is located within the jurisdiction of the Berea Municipal Court and the trial court was authorized pursuant to Evid.R. 201 to take judicial notice of that fact. Venue was sufficiently established for purposes of defendant's conviction for driving while under the influence of alcohol.
As to whether the arresting officer was competent to testify, Evid.R. 601(C) in relevant part:
Every person is competent to be a witness except:
 * * * (C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute. (Emphasis added.) In State v. Rau (1989), 65 Ohio App.3d 478, 480-481, the court
stated:
 The state introduced no explicit testimony establishing that Trooper Brown was in uniform and in a marked vehicle. However, the general rule is that, under Evid.R. 601, an adult witness is presumed competent to testify and therefore the burden of demonstrating the incompetency of a traffic officer is on the accused. See 29 Ohio Jurisprudence 3d (1981) 92, Criminal Law, Section 2203. See, also, 1 Weissenberger, Ohio Evidence (1985), 6, Section 601.5.
 Milnark v. Eastlake (1968), 14 Ohio Misc. 185, 186, 43 O.O.2d 417, 418, 237 N.E.2d 921, 923, well states the issue and the applicable rule:
* * *
 Without doubt the burden rests on the [party claiming the witness is incompetent]. This defendant was obliged to present evidence, either by cross-examination of the officers or by testimony of other witnesses, that the conditions which disqualify an arresting officer, i.e., an unmarked motor vehicle or a nondistinctive uniform, existed at the time of his arrest.
* * *
 In the absence of any evidence concerning the uniform or motor vehicle used by the arresting officer, there were simply no facts before the court upon which a finding of incompetency could be based.
In accordance with the foregoing, there was no basis upon which the trial court could conclude that the arresting officer was incompetent.
The trial court did not err by denying the Crim.R. 29 motion for acquittal, and defendant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND JAMES M. PORTER, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE