JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a verdict by Rocky River Municipal Judge Donna C. Fitzsimmons that found appellant John A. Krebs guilty of speeding.[1] Krebs claims that the officer issuing the citation was not properly dressed and, therefore, not competent to testify and that Westlake failed to prove that its laser equipment was operating properly. We affirm.
 {¶ 2} On March 12, 2002, at approximately 10:00 p.m., Krebs was operating a red Mercury eastbound on Center Ridge Road approaching Crocker Road in Westlake. Westlake Police Officer Marcel Sorgi, assigned to patrol duty, was parked in a fully marked zone car near Brentwood Estates, just west of Crocker Road, and was using a laser device to monitor the speed of vehicles on Center Ridge Road. As the Krebs car approached, the officer obtained two readings on his device indicating that it was traveling at either fifty or fifty-five miles-per-hour in that thirty-five miles-per-hour zone.[2]
 {¶ 3} The officer issued Krebs a citation for speeding in violation of W.C.O. 333.03, a fourth degree misdemeanor; as he was explaining the citation and verifying Krebs' driver's license and insurance information, Krebs asked why he was not wearing his uniform hat, to which the officer responded that he was not required to wear his hat at all times.
 {¶ 4} Krebs pleaded not guilty to the charge and, prior to trial, issued a subpoena duces tecum to Officer Sorgi directing him to bring to trial the laser device, as well as its instructions and operating manuals, all testing, calibration, repair and maintenance records, and all of Officer Sorgi's training records and certifications for the device.
 {¶ 5} At trial, Officer Sorgi appeared and brought with him various items, including the laser device, its manufacturer's certification that it had been factory-calibrated, a warranty card and an operating manual, apparently with a few pages missing.
 {¶ 6} The officer testified that, as a part of his training as a patrolman, he has received instruction on how to calibrate and use the laser device, and that on March 12, 2002, he followed mandatory procedures to calibrate it before he began his shift. He explained how he used the device to gauge the speed of Krebs' car, how it registered a speed of either fifty or fifty-five miles per hour, that he stopped Krebs and issued him a citation for speeding, and that he was not required to wear his uniform hat while issuing speeding citations.
 {¶ 7} Krebs moved to suppress Officer Sorgi's testimony on the ground that, because he was not wearing his hat when he issued Krebs the citation, he was not wearing a legally distinctive uniform as required by R.C. 4549.16. The judge denied the motion, noting that the officer testified that on March 12, 2002, at the time he issued Krebs' citation, he was wearing the official police uniform in which he was dressed that day in court, each time without his hat.
 {¶ 8} Krebs objected to the materials Officer Sorgi had brought to court, noting missing pages in the operating manual, and the lack of certification renewals and repair and maintenance records he had requested by subpoena. Westlake asserted that, apart from a few pages of the operations manual, any information Krebs sought that was not provided did not exist. Krebs protested to the judge, that the laser radar device was "highly sophisticated, technical equipment which requires periodic calibration. They won't show me what the calibration requirements are." He made this argument without providing any basis to establish his personal knowledge of the workings of a laser device. The parties then quibbled over whether a certain card the officer brought to court was a simple manufacturer's warranty card or a calibration certification requirement card.
 {¶ 9} The judge ruled that, based on the assistant prosecutor's assurances that all available discovery responses had been provided, Westlake had complied with Krebs' subpoena request. Krebs then finished his cross-examination of Officer Sorgi, Westlake rested, Krebs rested his case, and the parties proceeded to final argument. Neither party offered the disputed documents or the laser device into evidence and they are not part of the record on appeal. The judge found Krebs guilty of speeding, and fined him $25 plus court costs. He posted an appeal bond and the judge granted his motion to stay execution of his sentence.
 {¶ 10} Krebs asserts in the first of his three assignments of error that Officer Sorgi was not wearing a legally distinctive uniform, in violation of both statutory requirements and prohibition by evidentiary rule, and so was not competent to testify at his trial.
 {¶ 11} Evid.R. 601 provides that every person is competent to be a witness except, in pertinent part:
 {¶ 12} "(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
 {¶ 13} The Ohio Supreme Court discussed Evid.R. 601(C), R.C.4549.15 and 4549.16:
 {¶ 14} "The Staff Note to Evid.R. 601(C) indicates that this court adopted the rule simply as a restatement of * * * 4549.16, and that the rule preserves the provisions of [the] statute.
 {¶ 15} "* * *
 {¶ 16} "R.C. 4549.15 and 4549.16 are * * * related. The provisions of R.C. 4549.15 and 4549.16 require that an officer whose primary duty is to arrest or assist with the arrest of individuals who violate traffic laws must wear a distinctive uniform * * *. An officer who fails to comply with R.C. 4549.15 will be deemed incompetent to testify as a witness in any prosecution against an arrested person pursuant to R.C.4549.16.
 {¶ 17} "Through the enactment of these statutes, the legislature demonstrated an intent to provide uniformity in traffic control and regulation in an effort to make driving safer within Ohio's political subdivisions. `It requires little imagination to contemplate the unfortunate consequences should a frightened motorist believe that he [or she] was being forced off the road by a stranger. The General Assembly sought to avoid such mischief by requiring police officers on traffic duty to be identified clearly.'"[3]
 {¶ 18} This court recently ruled that, when a municipal police officer testifies that he was not wearing his hat when issuing a traffic ticket, and wearing a hat is not mandatory, the failure of the officer to wear the hat alone does not render the officer incompetent to testify.[4]
This is in keeping with the Ohio Supreme Court's above pronouncement that the reason for Evid.R. 601(C) and R.C. 4549.16 is to prevent confusion and promote clear identification of officers on traffic duty, and recognizes that a small variance in an officer's otherwise obviously distinctive uniform should not result in the officer's incompetency.
 {¶ 19} The defendant bears the burden of proving the circumstance resulting in the officer's incompetency, i.e., that the officer was wearing a non-distinct uniform.[5] Krebs presented no evidence that, although not wearing a hat, Officer Sorgi was not in a distinctive uniform. This assignment of error is overruled.
 {¶ 20} Krebs next challenges the judge's finding that the laser device was operating properly and we treat this assignment as an attack on the sufficiency of the evidence presented to sustain his conviction. Whether the evidence is legally sufficient to sustain a verdict is a question of law.[6]
 {¶ 21} Under Crim.R. 29,
 {¶ 22} "The court on motion of the defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction on such offense or offenses. * * *"
 {¶ 23} Whether phrased in terms of a Crim.R. 29 motion, or in terms of a sufficiency of the evidence argument, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[7]
 {¶ 24} Officer Sorgi testified that, as a matter of routine procedure, Westlake police officers calibrate the laser device before use each day by adjusting the distance measured by the device until it equals the known distance between two fixed objects in the police parking lot. He stated that he was trained to calibrate the device in this way, that it is an accurate way to calibrate it, and that he performed this calibration on March 12, 2002, at the beginning of his shift. When he saw Krebs' car driving in his direction on Center Ridge Road he aimed the laser beam at the car license plate and, he claimed, the device indicated the car was traveling at either fifty or fifty-five miles-per-hour, obviously faster than the posted speed limit. His testimony, if believed, established beyond a reasonable doubt that Krebs was in fact speeding. This assignment of error is overruled.
 {¶ 25} Finally, Krebs contends that the judge erred in proceeding with his trial, over his objection, when documents he had sought by subpoena from Westlake were not presented. Specifically, he argues that no "equipment manuals, maintenance records or certification requirements" were contained in the documents he was shown, and that the operating manual provided was incomplete.
 {¶ 26} Krebs, however, fails to demonstrate that these documents existed in the face of the assistant prosecutor's explanation that Westlake did not have them. Additionally, he made no assertion at trial, or on appeal, that, if he had been given the requested documents, he could demonstrate the inaccuracy of the laser device, but only that he could, perhaps, operate it to determine if it functioned. Therefore, he suffered no prejudice when the judge decided to move on and conclude the proceedings. This assignment of error has no merit.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] In violation of Westlake Codified Ordinance ("W.C.O.") 333.03
[2] While, according to the traffic ticket, Officer Sorgi indicated Krebs' speed as fifty five miles per hour, his testimony at trial indicated, at different times, that he clocked Krebs at either fifty or fifty five miles per hour.
[3] State v. Heins (1995), 72 Ohio St.3d 504, 506. (Internal citations omitted.)
[4] Brooklyn v. Blake (Feb. 7, 2002), Cuyahoga App. No. 79032, 2002-Ohio-499.
[5] State v. Rau (1989), 65 Ohio App.3d 478, 480.
[6] State v. Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388,124 N.E.2d 148.
[7] See State v. Thompkins (1997), 78 Ohio St.3d 380, 1997-Ohio 52, State v. Jenks (1991) 61 Ohio St.3d 259, 574 N.E.2d 492.