[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} John Kazmierczak appeals the order of the Wood County Court of Common Pleas denying, in part, a motion to suppress. Because the trial court properly disposed of the motion to suppress and Kazmierczak failed to raise an objection to the specific BAC batch at the suppression hearing, we affirm.
 Facts {¶ 2} John Kazmierczak was arrested for driving under the influence ("DUI") on December 31, 2000, by the Ohio State Highway Patrol. That evening, the trooper had observed Kazmierczak's erratic driving, red, glassy, blood-shot eyes, slow and lethargic movements, and the odor of intoxicants. Kazmierczak also failed to pass the one-leg stand and other tests administered by the trooper. He was then arrested for DUI and was taken to the Perrysburg Police Department where a blood/alcohol ("BAC") test read .130, legal intoxication. Later, a suppression hearing was held on two separate days. The results of two of the field sobriety tests were suppressed, however, because the officer failed to strictly comply with regulations set forth by the National Highway Traffic Safety Administration ("NHTSA"). The trial court, however, ruled that the one-leg stand field sobriety test was proper. That test, coupled with the totality of the circumstances observed by the trooper, supported the DUI arrest. As a result of the court's ruling, Kazmierczak pled no contest to DUI on January 14, 2002. He was sentenced and now appeals.
 Appellant's Assignments of Error {¶ 3} "1. The trial court committed reversible, prejudicial error by allowing and accepting incompetent testimony, taken in contravention to the Rules of Evidence, to establish the evidence necessary to convict Appellant.
 {¶ 4} "2. The trial court committed reversible, prejudicial error by failing to suppress a DUI arrest (and all subsequent evidence flowing from said arrest) that was not supported by probable cause.
 {¶ 5} "3. The trial court committed reversible, prejudicial error by failing to suppress the result of a BAC test taken in direct violation of Department of Health Regulation, to wit: O.A.C. 3701-53-04 (i.e., the solution was not properly approved)."
 Appellant's First Assignment of Error {¶ 6} The gist of Kazmierczak's first assignment of error is that the arresting trooper was incompetent to testify at the suppression hearing because the state did not ask him on direct examination whether he was wearing his uniform and driving a proper vehicle. He relies on Evid.R. 601(C), the rule which provides: "Every person is competent to be a witness except: *** An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
 {¶ 7} Witnesses are expected to be competent, and it was Kazmierczak's obligation to present evidence if he wished to challenge the officer's ability to present testimony. In State v. Rau (1989),65 Ohio App.3d 478, 481, the Third District Court of Appeals noted that "[i]n the absence of any evidence concerning the uniform or motor vehicle used by arresting officer, there were simply no facts before the court upon which a finding of incompetency could be based." This court upheld the same rationale in State v. Gilbreath (Mar. 17, 1995), Ottawa App. No. OT-94-34 and ruled further that "[t]he Rau decision held that under Evid.R. 601, an adult witness is presumed competent to testify and therefore the burden of demonstrating the incompetency of a traffic officer is on the accused." The trial court stated in its entry that Kazmierczak "did not put forth any evidence that established that Trooper Selder was incompetent to testify." After reviewing the record, we agree.
 {¶ 8} Contrary to Kazmierczak's assertion, the trooper was driving the proper type of vehicle when he made the traffic stop. During direct examination at the September 20, 2001 suppression hearing, the trooper testified he activated his overhead lights when he stopped Kazmierczak. He handcuffed him and placed him in the "back seat of the patrol car." At the suppression hearing, Kazmierczak stipulated to the finding that the traffic stop was proper. Thus, the record affirmatively shows that the trooper was driving a proper vehicle and no evidence was presented that he was not in uniform.[1] Since Kazmierczak did not establish that the trooper was incompetent to testify, the first assignment of error is found not well-taken.
 Appellant's Second Assignment of Error {¶ 9} In the second assignment of error, Kazmierczak argues that all of the various field sobriety tests that the trooper performed should have been suppressed.
 {¶ 10} Field sobriety tests are to be "administered *** in strict compliance with standardized testing procedures." State v. Homan (2000),89 Ohio St.3d 421, at paragraph one of syllabus. When not performed in accordance to NHTSA standards set forth in its training manual, noncompliant tests are to be suppressed. The trial court did suppress the horizontal gaze nystagmus ("HGN") and the walk and turn tests. But it also found that Kazmierczak's arrest should be upheld because it considered the totality of the circumstances.
 {¶ 11} A court may look at the totality of the circumstances to see if they support a DUI arrest. Id. at 427; State v. Kirby (Sep. 28, 2001), Ottawa App. No. OT-00-047. Here, the court's entry found observations of the trooper and Kazmierczak's failure to pass the one-leg stand test provided probable cause for the arrest. An independent review of the record verifies these findings. Non-scientific tests such as the walk and turn test and the one-leg test are within a trial court's sound discretion. Crooksville v. Ferguson, 5th Dist. No. 02CA5, 2002-Ohio-5987
at ¶ 13. As no abuse of discretion occurred, Kazmierczak's second assignment of error is found not well-taken.
 Appellant's Third Assignment of Error {¶ 12} The third assignment of error challenges the propriety of the batch of calibration solution. The batch number on the Ohio Department of Health certificate (00210) and the number on the ticket (00120) did not correspond.[2]
 {¶ 13} Kazmierczak never objected to the specific batch number of the calibration solution used on the day of his arrest either at the suppression hearing held on two separate days or in any of his four motions. He cannot use the argument now on appeal. State v. Wesley
(2002), 149 Ohio App.3d 453, 2002-Ohio-5192, at ¶ 5. The Ohio Supreme Court ruled in State v. Awan (1986) 22 Ohio St.3d 120, 122: "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court'".[3]
 {¶ 14} Furthermore, even if this argument were allowed, it would be viewed under the plain error standard because Kazmierczak failed to object. State v. Fenwick (Mar. 31, 2000), Erie App. No. E-98-031; Statev. Barker, Lucas App. No. L-01-1290, 2002-Ohio-2801, at ¶ 24. Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed [by a court of appeals] although they were not brought to the attention of the [trial] court." There are three limitations on a reviewing court's decision to correct such an error: it must be a deviation from the legal rule, an "obvious" defect in the trial proceedings, and must have affected the outcome of the trial. State v.Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62.
 {¶ 15} An appellate court reverses a conviction under the plain error doctrine "only in order to prevent a manifest miscarriage of justice." State v. Barker, supra. at ¶ 24. This case does not fall into that category. The state need not provide the actual certificate that the Ohio Department of Health issued stating the calibration solution batch was proper. "Rigid compliance with the Ohio Department of Health regulations is not required and absent prejudice to the defendant, if the prosecution shows substantial compliance with the regulations, the results of the alcohol test may be admitted into evidence. Plummer at 294; State v. Johnson (2000), 137 Ohio App.3d 847,850, 739 N.E.2d 1249." State v. Panovec (May 9, 2001), Ottawa App. No. OT-00-017.
 {¶ 16} Here, there was testimony that the Ohio Department of Health's requirements were followed in performing the entire BAC test. This included evidence, independent of the Ohio Department of Health certificate, that showed the batch of calibration solution used on the night in question was proper. When this type of evidence is presented, the state does not need a Ohio Department of Health certificate to validate the BAC test. Warren v. Cecil (Sep. 30, 1999), Trumbull App. No. 98-T-0152. Therefore, even if the certificate were suppressed, enough other evidence was introduced to allow the BAC test results to be admitted. Consequently, there was no "manifest miscarriage of justice" mandating reversal in this matter. The third assignment of error is found not well-taken.
 {¶ 17} Substantial justice was done to appellant, John Kazmierczak. The entry of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 Richard W. Knepper, J. Mark L. Pietrykowski, J. Judith Ann Lanzinger, J.
[1] As a matter of note, the judge, at the beginning of the hearing before the trooper entered the courtroom, asked whether the trooper was in uniform. It was stated he was.
[2] Apparently, this was a clerical error, as the numbers are transposed from the certificate and the ticket.
[3] Citations omitted.