JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant, James Watson appeals the decision of the Cleveland Municipal Court, which convicted him of operating a vehicle with willful and wanton disregard for public safety, in violation of Cleveland Codified Ordinance ("C.C.O.") 433.02.
 {¶ 2} Watson is an air traffic controller employed at Cleveland-Hopkins International Airport. On May 12, 2002, Cleveland Police Officer Elliott Hooper saw Watson entering lot number six at Cleveland-Hopkins driving his black Jeep Cherokee at a high rate of speed. The posted speed limit for lot number six was five miles per hour. Officer Hooper estimated Watson's speed to be between 35 to 40 miles per hour, five to six times the legal limit. Watson claims to have been driving at only ten miles per hour, or twice the legal limit.
 {¶ 3} Officer Hooper watched as Watson sped around the parking lot squealing his tires. When Watson finally parked his vehicle, Officer Hooper followed Watson on foot out of the parking lot. Officer Hooper stopped Watson and identified himself as a Cleveland police officer. Watson refused to stop or speak with Officer Hooper and walked past a security checkpoint into a restricted area, where Officer Hooper could not follow.
 {¶ 4} Officer Hooper contacted his supervisor and was instructed to obtain Watson's information from the license plate of the vehicle he was driving. Officer Hooper then issued a citation and attempted to serve it on Watson; however, he was still denied access to the restricted area. Officer Hooper was forced to summon Watson to appear in Cleveland Municipal Court.
 {¶ 5} On May 15, 2002, Watson was summoned to appear in Cleveland Municipal Court. On October 3, 2002, he entered a plea of not guilty. On November 14, 2002, a trial was held in which Watson was found guilty and fined $100 plus court costs.
 {¶ 6} Appellant presents two assignments of error for review.
 {¶ 7} "I. The court erred in not granting the Rule 29 Motion to dismiss as the prosecution did not show that the police officer on a traffic enforcement detail was in a uniform or a marked car."
 {¶ 8} Appellant claims the trial court erred in not granting a Crim.R. 29 motion for judgment of acquittal because Officer Hooper, in violation of R.C. 4549.14 and 4549.16, was not in proper uniform, nor was he driving a marked police car when he issued the citation, thus making him incompetent to testify at trial.
 {¶ 9} R.C. 4549.16, "Arresting officer as a witness" states:
 {¶ 10} "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the mainpurpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was not wearing a distinctive uniform in accordance with section 4549.15 of the Revised Code." (Emphasis added.)
 {¶ 11} The General Assembly's purpose in enacting R.C. 4549.16 was to curb the abusive use of speed traps used by municipalities and townships and to provide uniformity in traffic control and regulation.West Unity v. Hill (June 30, 1993), Williams App. No. 92WM000016.
 {¶ 12} A police officer who, while engaged in an assignment unrelated to the enforcement of traffic laws, observes a violation of such laws and makes an arrest therefor will not be precluded by R.C.4549.14 and 4549.16 from testifying with regard to such violation on the basis that he was wearing plain clothes and driving an unmarked vehicle at the time of the arrest. Columbus v. Stump (1974), 41 Ohio App.2d 81.
 {¶ 13} Where, in a prosecution for violation of a traffic ordinance, the accused objects to the arresting officer as a witness because of incompetency under R.C. 4549.14, which requires a marked vehicle, and R.C. 4549.16, which requires a distinctive uniform, the burden is upon the accused to establish by evidence such incompetence.Milnark v. Eastlake (1968), 14 Ohio Misc. 185.
 {¶ 14} Evidence Rule 601 provides:
 {¶ 15} "Every person is a competent witness except:
 {¶ 16} "* * *
 {¶ 17} "(C) An Officer, while on duty for the exclusive or mainpurpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute." (Emphasis added.)
 {¶ 18} At trial, counsel for the appellant failed to cross-examine Officer Hooper as to his job duties at Cleveland-Hopkins. This court cannot ascertain if his job duties included some type of traffic enforcement. Therefore, we will assume that "airport security" refers to job duties other than traffic enforcement.
 {¶ 19} In the instant matter, the trial record indicates Officer Hooper was detailed at Cleveland-Hopkins Airport to provide airport security, not for the main or exclusive purpose of enforcing traffic laws. Because Officer Hooper was on duty and engaged in an assignment unrelated to the enforcement of traffic laws, R.C. 4549.14 does not apply in the instant matter; therefore, Officer Hooper was competent to testify at trial.
 {¶ 20} Appellant cites R.C. 4549.14, which requires police officers to travel in a marked police vehicle when their main or exclusive purpose is the enforcement of traffic laws. We find this section does not apply to the instant matter because Officer Hooper approached the appellant on foot and did not attempt to pull him over using the vehicle he was driving.
 {¶ 21} Appellant's second assignment of error states:
 {¶ 22} "II. The ruling of the court that the defendant was guilty beyond a reasonable doubt of reckless operation was against the manifest weight of the evidence."
 {¶ 23} Appellant claims judgment by the trial court was against the manifest weight of the evidence because there was no testimony at trial that the speed at which appellant was traveling endangered any persons or property to support a conviction of willful or wanton disregard for public safety.
 {¶ 24} When reviewing the sufficiency of evidence, an appellate court examines whether "the evidence is such that reasonable minds can reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261. When considering a manifest weight claim, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172.
 {¶ 25} For a conviction of willful and wanton disregard for public safety to be upheld, the prosecution must produce evidence that the driver of the vehicle endangered other persons or property. State v.Craver (Dec. 6, 1990), Guernsey App. No. 90-CA-14; see, also, State v.Flagge (Apr. 12, 1993), Adams App. No. CA 536.
 {¶ 26} Speeding that is not grossly excessive, when there is little other traffic to endanger, does not constitute reckless operation. See State v. Harman (1987), 41 Ohio App.3d 142; State v.Pessefall (1993), 87 Ohio App.3d 222; In re Gilbert (Sept. 28, 1987), Butler App. No. CA86-10-144.
 {¶ 27} The trial testimony of the appellant, along with the testimony of Officer Hooper, supports a conviction of willful and wanton disregard for public safety. Officer Hopper testified that the appellant was traveling between 35 and 40 miles per hour through the parking lot. The posted speed limit for the parking lot was five miles per hour.
 {¶ 28} The appellant testified that the parking lot was full of cars, and someone was getting out of a vehicle to his left. (Tr. p. 15.) The appellant further stated the parking lot was full of potholes, and there was a big puddle that he hit with his vehicle.
 {¶ 29} Given the above testimony, it is not against the manifest weight of the evidence to find that the appellant endangered public safety and property by excessively speeding through a pothole-ridden parking lot, surrounded by people and cars.
 {¶ 30} As a side note, at oral argument, the prosecutor conceded that the appellant should have been convicted of a violation of C.C.O. 433.02(B), which carries a two-point penalty, instead of C.C.O. 433.02(A), which carries a four-point penalty; therefore, the Bureau of Motor Vehicles should only assess two points for this conviction.
Judgment affirmed.
COLLEEN CONWAY COONEY, J., and TIMOTHY E. McMONAGLE, J., concur.